IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| J.T.M., a minor, by and through his parents and next friends, CALVIN McGINNES and CHRISTINA McGINNES,<br><br>    Plaintiff,<br><br>vs.<br><br>TODD W. MORRISON, M.D.;<br>STANLEY E. HANDSHY, M.D.;<br>ROBERT K. THOMEN, M.D.; and,<br>BOARD OF TRUSTEES OF NEOSHO<br>MEMORIAL REGIONAL MEDICAL<br>CENTER d/b/a NEOSHO MEMORIAL<br>REGIONAL MEDICAL CENTER,<br><br>    Defendants. | Case No. 06-1056-MLB |

**PROTECTIVE ORDER**

NOW, on this 27th day of June, 2006, this matter comes before the Court on the Motion of defendant, Neosho Memorial Regional Medical Center (hereinafter "NMRMC"), for a protective order for the protection of certain documents produced or to be produced by said defendant during the course of discovery. (Doc. 30). The time for filing responses or objections under D.Kan. Rule 6.1(d)(1) has expired, and no responses or objections have been filed.

THEREUPON, the court after reviewing the files and records herein, and being otherwise duly informed in the premises, finds that the motion is supported by good cause, should be GRANTED, and hereby ORDERS as follows:

  1.  The parties hereto have advised the Court that certain documents, hereinafter defined as "confidential documents" that have been, or may in the future be,

1

produced by NMRMC pursuant to a request for production of documents or duces tecum request or subpoena in the above-captioned lawsuit and that certain of these documents should be treated as "confidential," and should be used solely for the purpose of the litigation until final judgment or settlement of the litigation and should be treated as set forth in the following paragraphs:

a. <u>Confidential information defined</u>. "Confidential information" as used herein refers to NMRMC policies and procedures, any manuals related to hospital administration or health care practice or equipment, indexes to manuals, medical staff policies or procedures or by-laws or rules or regulations, employee files, personnel files, credentialing files, documents relating to hospital business practices or hospital buildings or grounds or equipment and residency program information or documents. Any other documents produced which are not specifically defined in this paragraph may be subject to this order upon written agreement of the parties.

b. <u>Designation of information and documents as confidential</u>. All confidential documents produced as stated and described in paragraph 1(a) above, by NMRMC or an employee will be held and treated as confidential by all parties to this litigation and the legal counsel for all parties pursuant to this order.

c. Confidential documents used or disclosed at the time of deposition of any NMRMC employee, present or former officer, director, expert witnesses retained by NMRMC for the purpose of this litigation, shall be produced,

        held and treated as confidential by all parties to this litigation and their legal counsel and subject to the provisions of this Protective Order.

d. <u>Protection of confidential information</u>.  Any information produced by NMRMC, or by any NMRMC employee, shall be used only for the purpose of this litigation and shall not be released to, disclosed to, given to or made available to any person or entity other than qualified persons.

e. "<u>Qualified person</u>" as used herein means an individual who is:

    (1) Outside counsel employed by a party to this litigation, or an employee of such counsel to whom it is necessary that the documents in question be shown for purposes of this litigation; or

    (2) A person employed by a party or its attorneys of record or consulted in this litigation to assist in the preparation of this litigation for trial, such as expert medical witnesses, accountants, economists, or other consultants or experts; or

    (3) Inside counsel of a party working directly on the litigation, and, in the case of documents received from an opposing party, the term "qualified person" includes employees of the receiving party who are working directly on the litigation under the direction of counsel; or

    (4) Any party or present or former agent, officer, employee or representative of a party to this litigation whose testimony is taken or scheduled to be taken in this litigation; or

     (5)  The Court and its staff.

2.  The provisions of confidentiality set forth herein shall remain in effect until such time as the documents are either returned to the producing party or otherwise destroyed by legal counsel having possession of the same.

3.  Nothing in this order shall prohibit or restrict in any way the publication, disclosure, discussion or attachment of any document produced by NMRMC in any filing with the Court or deposition of any party or witness.

4.  This order is for purposes of this litigation only and shall have no precedential value nor be used in subsequent proceedings in other actions to infer that such protections should be afforded in other cases.

IT IS SO ORDERED.

Entered at Wichita, Kansas, this 27th day of June, 2006.

                 s/ Donald W. Bostwick
                 U.S. MAGISTRATE JUDGE